# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| ZHEJIANG DINGLI MACHINERY CO., LTD., | |
| Plaintiff, | Court No. 26-00756 |
| v. | |
| UNITED STATES, | |
| Defendant. | |

# COMPLAINT

Plaintiff Zhejiang Dingli Machinery Co., Ltd. ("Dingli"), by and through undersigned counsel, hereby allege and state as follows.

## ADMINISTRATIVE DETERMINATION TO BE REVIEWED

1.  Dingli seeks review of the final results of the U.S. Department of Commerce, International Trade Administration's ("Commerce" or the "Department") second countervailing duty ("CVD") administrative review ("AR2") of mobile access equipment and subassemblies ("MAE") from the People's Republic of China ("China"), having the calendar year 2022 period of review, published as *Mobile Access Equipment and Subassemblies Thereof from the People's Republic of China: Final Results of Countervailing Duty Administrative Review; 2022,* 90 Fed. Reg. 59,492 (Dec. 19, 2025) ("*Final Results*"), as amended by *Mobile Access Equipment and Subassemblies Thereof from the People's Republic of China: Amended Final Results of Countervailing Duty Administrative Review; 2022,* 91 Fed. Reg. 3,121 (Jan. 26, 2026) ("*Amended Final Results*").

2.  The challenged determinations, findings, and conclusions are set out primarily in the Commerce's Issues and Decision Memorandum ("IDM"), dated December 15, 2025,

accompanying the *Final Results*, 90 Fed. Reg. 59,492.

## JURISDICTION

3.  This action is filed pursuant to 19 U.S.C. §§ 1516a(a)(2)(A)(i) and 1516a(a)(2)(B)(i) to contest the *Final Results* issued by Commerce in AR2 of the CVD order on MAE from China. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c).

## STANDING OF PLAINTIFF

4.  Dingli, a producer and exporter of subject MAE, participated in Commerce's CVD administrative review of MAE from China as a mandatory respondent that resulted in the challenged *Final Results/ Amended Final Results*. During the course of the review, Dingli timely filed questionnaire responses, factual information, and briefs. Therefore, Dingli is an interested party described under 19 U.S.C. § 1677(9)(A) and has standing to bring this action under 28 U.S.C. § 2631(c) and 19 U.S.C. § 1516(d).

## TIMELINESS OF THE ACTION

5.  Parties to actions challenging Department determinations pursuant to 19 U.S.C. § 1516a(a)(2)(B)(i) must file a summons within 30 days of the date of publication in the Federal Register of the final results. 19 U.S.C. § 1516a(a)(2)(A)(i).

6.  This action was timely commenced within 30 days of the date of publication of the *Final Results* through the filing of the Summons on January 20, 2026, in accordance with Rule 6(a) given the intervening weekend and federal holiday. This Complaint is timely filed within 30 days of the filing of Dingli's Summons. Therefore, both the Summons and this Complaint have been timely filed in accordance with 19 U.S.C. § 1516a(a)(2)(A), 28 U.S.C. § 2636(c), and pursuant to Rules 3(a)(2) and 6(a) of this Court.

## BACKGROUND

7. On December 29, 2023, The Coalition of American Manufacturers of Mobile Access Equipment ("Petitioner") timely filed a request for an administrative review of the CVD Order on MAE from China for the period spanning calendar year 2022.

8. On February 8, 2024, Commerce initiated the review. *Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 89 Fed. Reg. 8641 (Feb. 8, 2024).

9. On April 9, 2024, Commerce selected Dingli as the mandatory respondent for this CVD administrative review and thereafter issued the company CVD questionnaires. Dingli was the largest exporter of subject merchandise to the United States for the period.

10. On April 29, 2024, Dingli timely filed its response to the affiliation portion of Section III of Commerce's initial CVD questionnaire. On June 5, 2024, Dingli timely responded to the remaining required portions of Section III of the questionnaire.

11. Dingli timely responded to Commerce's supplemental questionnaires between June 2024 and March 2025.

12. Dingli, in December 2024, timely submitted benchmark information for the valuation of various inputs in the alleged programs on inputs for less than adequate renumeration ("LTAR"). Dingli, in March 2025, submitted additional benchmark information as well as rebuttal benchmark information in response to factual information filed by Petitioner.

13. On December 20, 2024, Commerce initiated new subsidy allegations ("NSA") for review. On March 3, 2025, Dingli timely responded to Commerce's NSA Questionnaire. In March 2025, Dingli responded to Commerce's supplemental NSA Questionnaires.

14. On April 11, 2025, Commerce preliminarily assigned Dingli a CVD rate of 79.33%. *Mobile Access Equipment and Subassemblies Thereof from the People's Republic of China:*

*Preliminary Results and Rescission, in Part, of the Countervailing Duty Administrative Review; 2022*, 90 Fed. Reg. 15443 (April 11, 2025). Dingli's preliminary CVD rate consisted, among other things, of ad valorem rates of 17.65% for Hot Rolled Sheet and Plate for LTAR and 12.59% for Hollow Structural Shapes for LTAR.

15.   On May 9, 2025, Dingli timely filed its administrative case brief challenging Commerce's *Preliminary Results*. On May 21, 2025, Dingli filed its rebuttal brief. Dingli raised in its briefing, among other issues, that Commerce should use different benchmarks for the provision of hot rolled steel ("HRS") plate and hollow structural shapes ("HSS") at LTAR.

16.   On December 19, 2025, Commerce published its *Final Results* assigning Dingli a CVD rate of 32.26%. 90 Fed. Reg. at 59,493. Commerce rejected Dingli's arguments concerning the appropriate benchmark data for HHS and HSS at LTAR, continuing to use the same benchmark used in the *Preliminary Results*. IDM Comments 7-8. On January 29, 2026, Commerce published its *Amended Final Results* assigning Dingli a 33.10% CVD rate. 91 Fed. Reg. at 3,121. The final ad valorem CVD rates calculated for HHS and HSS for LTAR were 8.12% and 7.86%, respectively. These rates were lower than the *Preliminary Results* due to other changes in the LTAR calculation, though the benchmark used remained the same.

## STATEMENT OF CLAIMS

## COUNT ONE

17.   Paragraphs 1 to 16 are adopted, incorporated, and re-alleged here by reference.

18.   The HRS benchmark data used by Commerce included a number of Harmonized Tariff Schedule ("HTS") subheadings for cold-rolled steel plate and other special coated plate not used in the production of MAE or purchased by Dingli.

19. In selecting benchmarks consisting of inputs not used by Dingli, Commerce failed to properly follow the statutory criteria and regulatory criteria for LTAR programs in 19 U.S.C. § 1677(5)(E)(iv) and 19 C.F.R. § 351.511(a)(2). Commerce's HRS plate benchmark was therefore not supported by substantial evidence and was otherwise not in accordance with law.

## COUNT TWO

20. Paragraphs 1 to 19 are adopted, incorporated, and re-alleged here by reference.

21. The HHS benchmark data used by Commerce included a number of HTS subheadings that cover HHS having circular cross-sections, when Dingli only purchased HHS with rectangular and square cross-sections. Commerce accordingly should have omitted HTS subheadings for HHS having circular cross-sections – as it did in the original CVD investigation.

22. In selecting benchmarks consisting of inputs not used by Dingli, Commerce failed to properly follow the statutory criteria and regulatory criteria for LTAR programs in 19 U.S.C. § 1677(5)(E)(iv) and 19 C.F.R. § 351.511(a)(2). Commerce's HHS benchmark was not supported by substantial evidence and was otherwise not in accordance with law.

## PRAYER FOR RELIEF

WHEREFORE, Dingli requests that this Court:

(a) hold that the Department's *Final Results/ Amended Final Results* are unsupported by substantial evidence and are otherwise not in accordance with law;

(b) remand the *Final Results/ Amended Final Results* to the Department with instructions to issue a new determination consistent with this Court's decision; and

(c) provide such other and further relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Andrew T. Schutz*

                    Andrew T. Schutz
                    Jordan C. Kahn
                    Michael S. Holton
                    Eve Q. Wang

                    GRUNFELD, DESIDERIO, LEBOWITZ
                    SILVERMAN & KLESTADT LLP
                    1201 New York Ave., NW, Ste. 650
                    Washington, DC 20005
                    (202) 783-6881

                    *Counsel to Plaintiff Zhejiang Dingli Machinery Co., Ltd.*

Dated: February 19, 2026

CERTIFICATE OF SERVICE

Pursuant to Rule 3(f) of the Rules of the Court of International Trade, I certify that on February 19, 2025, I caused a copy of the foregoing Complaint to be served upon the following individuals and notified all the interested parties who were a party to the proceeding below, by certified mail, return receipt requested:

**UPON THE UNITED STATES**
Attorney-In-Charge
International Trade Field Office
Commercial Litigation Branch
**U.S. Department of Justice**
Room 346
26 Federal Plaza
New York, New York 10278

Director, Civil Division
Commercial Litigation Branch
**U.S. Department of Justice**
1100 L Street, NW
Washington, DC 20005

**UPON THE U.S. DEPARTMENT OF COMMERCE**
General Counsel
Office of the Chief Counsel for
Import Administration
**U.S. Department of Commerce**
14th Street & Constitution Ave., NW
Washington, D.C. 20230

**On Behalf of the Coalition of American Manufacturers of Mobile Access Equipment**
Laura El-Sabaawi, Esq.
**Wiley Rein LLP**
2050 M Street, NW
Washington, DC 20036

**On Behalf of Skyjack Inc.**
Matthew R. Nicely, Esq.
**Akin Gump Strauss Hauer & Feld LLP**
2001 K Street, NW
Washington, DC 20006-1037

**On Behalf of The Government of China**
Mark Ludwikowski, Esq.
**Clark Hill PLC**
1001 Pennsylvania Ave., NW
Suite 1300 South
Washington, DC 20004

**On Behalf of the Embassy of the People's Republic of China**
Yangfan Xie
**Embassy of the Peoples Republic of China**
Economic and Commercial Office
2133 Wisconsin Ave, NW
Washington, DC 20007

**On Behalf of California Manufacturing & Engineering Co.**
Matthew J. McConkey
**Mayer Brown, LLP**
1999 K Street, NW
Washington, DC 20006-1101

*/s/ Andrew T. Schutz*
Andrew T. Schutz